## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **GLOBESPANVIRATA, INC.,** | : | **Civil Action No. 03-2854 (GEB)** |
|  | : |  |
| **Plaintiff,** | : |  |
|  | : |  |
| **v.** | : | **M E M O R A N D U M** |
|  | : | **O P I N I O N** |
| **TEXAS INSTRUMENTS Inc., et al.,** | : |  |
|  | : |  |
| **Defendants,** | : |  |

_____:

**HUGHES, U.S.M.J.**

This matter comes before the Court on Defendants, Texas Instruments, Inc. ("TI") and

the Leland Stanford Junior University's ("Stanford"),  ("Defendants"), Application to preclude

use of certain documents addressed in the expert witness report of Dirk Hartogs, PhD ("Hartogs

Report") and certain documents produced by Plaintiff,  GlobespanVirata ("Globespan"), in May

2005.  Additionally, Defendants seek to assert an additional claim, Claim 9 of the 447 patent,

which is dependent on already-asserted claims 1, 2, 3, and 7.   Plaintiff opposes both

Applications.  The Court has reviewed the written submissions of the parties and conducted oral

argument on June 22, 2005.   For the reasons that follow, Defendants' Application to preclude

certain documents addressed in the Hartogs Report and Defendants' Application to assert an

additional claim are both denied.

## I.      BACKGROUND AND PROCEDURAL HISTORY

The underlying matter arises under the antitrust and patent laws of the United States and

the laws of the State of New Jersey. Pl.['s] Br. at 2.  The Plaintiff, a global provider of circuits,

software, and designs for Digital Subscriber Line ("DSL"), alleges that Defendants, who

together own numerous patents related to Asymmetric Digital Subscriber Line ("ADSL")

technology, engaged in an unlawful conspiracy requiring Plaintiff to license ADSL-related patents by the block rather than individually.  As a result, Plaintiff argues it was forced to license many unnecessary patents from Defendant. *Id.*

In May 2005, Plaintiff produced new evidence and documents of prior art addressed within the Hartogs Report.  Defendants claim this production, five months after the December 2004 cut-off date for patent document production, violates the Court's Order of August 16, 2004, which "[o]rdered that a party failing to disclose information shall be precluded from using as evidence any witness or information not so disclosed."  Docket Entry #91.

Defendants contend that certain evidence and documents addressed in the Hartogs Report should be precluded from trial based on Federal Rule of Civil Procedure Rule 37(c) because of Plaintiff's failure to timely supplement its discovery.  Defs.['s] App. dated June 20, 2005, at 1.  However, Plaintiff argues that the exclusion of the documents at issue would result in "reversible error," Pl['s] Reply App. dated June 20, 2005, at 1.

Plaintiff further asserts that Defendants should have known of the documents because they are simply the foreign versions of the U.S. patents at issue. Pl['s] App. dated June 21, 2005, at 2.  Furthermore, Plaintiff argues that exclusion of the foreign patents would be highly prejudicial because of their "early publication dates ... (which) are critical to Globespan's invalidity case."  *Id.*  Plaintiff contends that Defendants would suffer no prejudice because the foreign counterparts contain "no technical information beyond what was previously disclosed in the U.S. patents.  *Id.*

Defendants argue that "[a]lthough Globespan produced some of the prior art references prior to the discovery cut-off of December 2004, its failure to notify Defendants that it would rely on this prior art for its defenses is not contemplated by the spirit of the August 16th Order,"

2

which instructed parties that they would be precluded from relying on evidence not produced

prior to the the discovery cut-off. Defs.['s] App. dated June 11, 2005, at 4.

Defendants also request permission to add an additional claim on Patent No. 5,479,447

("447") , claim 9. Defs.['s] App. dated June 20, 2005, at 8.  Plaintiff contends that Defendants

should not be permitted to assert the additional claim because the claim had not been the subject

of any discovery and was not construed in the *Markman* hearing or by the Court's Markman

Order.  Pl['s] Reply App. dated June 21, 2005, at 4.  In addition, Plaintiff notes that the request

to add an additional claim after two years of discovery would be extremely prejudicial.  *Id*.

Thus, Plaintiff asserts the additional claim should not be permitted.

## II.   DISCUSSION

### A.   Federal Rule of Civil Procedure 37(c) - Application for Preclusion by Defendants

Under Rule 26 of the Federal Rules of Civil Procedure, a party is required to supplement

the discovery process only if "the additional or corrective information has not otherwise been

made known to the other parties during the discovery process or in writing." Fed. R. Civ. P.

26(e)(2).  Furthermore, under Rule 37, a court may impose sanctions if a party "without

substantial justification fails ... to amend a prior response to discovery as required by Rule

26(e)(2) ... unless failure is harmless."  Fed. R. Civ. P. 37(c)(1).  In addition, preclusion of such

evidence has been used by the Court when parties fail to disclose.   Pl['s] App. dated June 16,

2005 at 1.  The Third Circuit Court of Appeals held that "[t]he exclusion of evidence for

violation of a discovery order is an extreme sanction."  *In re TMI Litig.*, 193 F.3d. 613, 721 (3d

Cir. 1999)(citations omitted).  Before precluding evidence, the Court has considered whether the

party: (1) revealed previously undisclosed evidence when the trial was imminent; or (2) acted in

3

bad faith.  *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d. 717, 791-93 (3d. Cir. 1994).

In deciding whether to preclude evidence under Rule 37,

> "the Third Circuit Court of Appeals has identified five factors to consider: (1) the prejudice or surprise to a party against whom the evidence is offered; (2) ability of the injured party to cure the prejudice; (3) likelihood of disruption of trial; (4) bad faith or willfulness involved in not complying with the disclosure rules; and (5) importance of the evidence to the proffering party."

Defs.['s] App. dated June 20, 2005, at 4 (*see In re Mercedes-Benz Anti-Trust Litigation*, 225 F.R.D. 498, 506 (D.N.J. 2005)); *see also Quinn v. Consol Freightways Corp.*, 283 F.3d. 572, 577 (3d. Cir. 2002).

In deciding the issue of prejudice or surprise, this Court has held that it "should not speculate on how [the surprised party] would have used the additional information disclosed;" rather prejudice exists when the surprised party likely would have conducted discovery differently. *In re Mercedes-Benz Anti-Trust Litig.*, 225 F.R.D. 498 at 506.  However, the Court did hold that prejudice could be cured by both an additional deposition and permitting plaintiffs to submit a supplemental brief.  *In re Mercedes-Benz Anti-Trust Litig.*, 225 F.R.D. at 505-08.  As a result, the Court did not exclude supplemental evidence to be admitted.  *Id.*

The Third Circuit has held that absent a willful deception or "flagrant disregard" of a Court Order, exclusion of evidence would be extreme.  *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d. 894, 905 (3d. Cir. 1977).  In addition, it has been held that when a party possesses evidence and fails to disclose it, the evidence can be excluded from trial as was the case in *AstraZeneca AB v. Mutual Pharm. Co.* when the party had the evidence in their possession but failed to produce it because it was yet to be translated from German.  *AstraZeneca AB v. Mutual Pharm. Co.* 278 F.Supp. 2d. 491 at 502 (E.D. Pa. 2003).

4

In considering the bad faith factor, preclusion of evidence under Rule 37 has been held to be appropriate when a party has access to information but did not use such information in the response. *In re Mercedes-Benz Anti-Trust Litig.*, 225 F.R.D. at 507. Also, when the non-disclosing party is specifically asked to provide exact information in its possession and it fails to do so, it can be inferred the party acted in bad faith. *Id.* However, under Rule 26, supplementation is only necessary "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(2).

**B.   Federal Rule of Civil Procedure 16(b) - Application for Permission to Assert a New Claim 9 on the '447 Patent**

When a party moves to amend the deadlines established in the pretrial scheduling order, the party must first satisfy Rule 16(b) of the Federal Rules of Civil Procedure and demonstrate good cause. *See Eastern Minerals & Chem. Co. v. Mahan*, 225 F.3d 330, 340 (Ed Cir. 2000). Specifically, Rule 16 provides that a pretrial Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the District Judge, or, when authorized by local rule, by a Magistrate Judge." Fed. R. Civ. P. 16(b). "A finding of good cause depends on the diligence of the moving party. In other words, the movant must show that the deadlines cannot be reasonably met despite its diligence." *Rent-A-Center v. Mamaroneck Ave. Corp.,* 215 F.R.D. 100, 104 (S.D.N.Y. 2003) (citations omitted); *see also* Fed. R. Civ. P. 16 advisory committee's note ("[T]he court may modify the schedule on a showing of good cause if [the deadlines] cannot be reasonably met despite the diligence of the party seeking the extension."). Moreover, "[t]he lack of prejudice to the nonmovant does not show 'good cause.'" *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D.Kan. 1995)(citations omitted).

5

The Third Circuit has determined that "scheduling orders are the heart of the case management [and cannot] be flouted." *Turner v. Schering-Plough Corp.*, 901 F.2d. 335, 341 n.4 (3d Cir.)(quoting *Koplove v. Ford Motor Co.*, 795 F.2d. 15, 18 (3d Cir. 1986)); *U.S. v. Princeton-Gamma-Tech, Inc.*, 817 F. Supp. 488, 497 (D.N.J. 1993). "The reason for this is simple - scheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed." *Id*. (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d. 326, 339-40 (2d Cir. 2000)).

## III.   ANALYSIS

### A.   Federal Rule of Civil Procedure 37(c) - Application for Preclusion by Defendants

Defendants request that certain evidence addressed in the Hartogs Report and certain documents produced in May of 2005, be precluded from trial based upon Rule 37(c)(1) because of Plaintiff's failure to timely supplement its discovery responses. Defs.['s] App. dated June 20, 2005, at 1. Defendants assert Plaintiff relied on new art in the Hartogs Report and under the *Mercedes* test, this new art should be precluded from trial. However, Defendants cannot claim prejudice as they concede they were aware of "some of the prior art references prior to the discovery cut-off of December 2004." Defs.['s] App. dated June 11, 2005, at 4. Additionally, there is no showing of willful disregard or bad faith on the part of Plaintiff. Therefore, because evidence sought to be precluded is critical to Plaintiff, Defendants Application for preclusion of both evidence addressed in the Hartogs Report and certain documents produced in May 2005 is denied.

Defendants in this case concede factors two and three of the five factor *Mercedes* test which effectively state that the court should consider the: (2) ability of the injured party to cure the prejudice; and (3) likelihood of disruption of trial. In their Application, Defendants state that

"[t]he likelihood of disruption at trial is irrelevant, given the current stage of litigation." Defs.['s]
App. dated June 20, 2005, at 6. Furthermore, "[D]efendants do not dispute that the newly
asserted contentions in the Hartogs Report are important to Globespan." Defs.['s] App. dated
June 20, 2005, at 7. Therefore, under the *Mercedes* test, preclusion in this case would only be
appropriate if Defendants were prejudiced by the late production of evidence or if Plaintiff acted
in bad faith or willfully disregarded a court order on production of evidence.

Similar to *In re Mercedes-Benz Anti-Trust Litig*, any prejudice that might have occurred
based on the late production of evidence by Plaintiff here, could be cured for example, by an
additional deposition. Additionally, Plaintiff did not act in bad faith because it produced the
evidence as soon as it had it in it's possession. Unlike the plaintiff in *AstraZeneca AB v. Mutual
Pharm. Co.,* whom had the evidence but failed to translate from German to English, Plaintiff did
not have such evidence in its possession. Defendants did however have the American counterpart
patent which had been timely produced and Plaintiff did produce supplemental evidence when it
came into possession. Pl['s] App. dated June 21, 2005, at 2. As a result, exclusion based on bad
faith would be inappropriate. Also, Plaintiff cannot be found to have acted in willful disregard of
a court order. Unlike *MOSAID Technologies, Inc. v. Samsung Elecs. Co.*, in which the Court
determined the plaintiff had disregarded orders of the court to produce evidence it had in it's
possession for more than a year, Plaintiff has produced all evidence in its possession. *MOSAID
Technologies, Inc. v. Samsung Elecs. Co.* 2004 WL 2550309 at *4 (D.N.J. 2004). The evidence
referenced in the Hartogs Report and provided in May 2005 only recently came into Plaintiff's
possession. Therefore, preclusion based on willful disregard would be inappropriate because
Plaintiff did not act with disregard to a Court Order. For these reasons, Defendants' Application

for preclusion of both evidence addressed in the Hartogs Report and documents produced in May 2005 is denied.

**B.   Federal Rule of Civil Procedure 16(b) - Application for Permission to Assert Additional Claim 9 on the '447 Patent**

In view of the various patents involve and number of claims to be construed, the parties, with the Court's encouragement, discussed the *Markman* procedures and hearings as far back as the initial scheduling conference on November 13, 2003.  Thereafter, the *Markman* practice was discussed at a conference on March 10, 2004 and the final *Markman* procedure addressed at a conference on June 24, 2004.  The *Markman* hearing was conducted before Judge Brown, culminating in a seventy-six page opinion filed April 7, 2005.  Now, at the very late date, Defendants seek permission to assert an additional claim, claim 9 of the '447 patent which necessitates claim construction.

During the *Markman* hearing, Defendants failed to alert the Court of its intentions to assert such a claim.  Pl['s] App. dated June 21, 2005, at 5.  Also, Judge Brown's *Markman* Opinion and Order did not address claim 9.  Under Rule 16, modifying a Court's scheduling order is only appropriate when the movant shows that deadlines could not be met despite its diligence. Fed. R. Civ. P. 16.  In this case, Defendants expressly seek permission to assert claim 9 "if Globespan is allowed to maintain the many new inequitable conduct ... and written description contentions in the Hartogs Report."  Defs.['s] App. dated June 20, 2005, at 8.  Allowing supplementation of evidence by Plaintiff is entirely different to allowing Defendants permission to assert a new claim.  Defendants had ample time to assert claim 9 and if the Court were to grant permission to assert an additional claim, it would in effect render the scheduling order

8

meaningless.  By opening the claim construction phase and allowing new claims after an elaborate and comprehensive *Markman* opinion, the case will surely be further delayed.  No good cause has been shown for a subsequent *Markman* hearing and Defendant had the opportunity previously to assert claim 9.  Therefore, for reasons asserted herein, Defendants' Application for permission to assert claim 9 is denied.

**IV.    CONCLUSION**

For the reasons set forth herein, Defendants' Rule 37(c) Application for preclusion of both evidence addressed in the Hartogs Report and documents provided in May 2005 is denied. Preclusion is considered an extreme sanction and only necessary where a party is prejudiced and the prejudice cannot be cured or when it can be determined a party acted in bad faith or in willful disregard of a court order.  In this case, any prejudice to Defendants caused by the late production of evidence can be cured by additional depositions.  Furthermore, because Plaintiff produced supplemental evidence when it came into its possession, it cannot be found to have acted either in bad faith or in willful disregard of a court order.

Additionally, Defendants' Application for permission to assert an additional claim is likewise denied.  Defendants had the opportunity to assert claim 9 of the '447 patent during the initial *Markman* hearing.  Under Rule 16, a pretrial order can be modified if despite a party's diligence, a deadline could not be reasonably met.  However, Defendants failed to raise claim 9 until after Plaintiff supplemented evidence.  Therefore, it would be inappropriate for the schedule to be modified in this case and the *Markman* hearing to begin anew.  Accordingly, Defendants' Application for permission to assert Claim 9 is denied.


Dated:          July 11, 2005.

9