NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GLOBESPANVIRATA, INC., | : | |
| Plaintiff, | : | Civ. No. 03-2854 (GEB) |
| v. | : | OPINION |
| TEXAS INSTRUMENT, INC., THE LELAND STANFORD JUNIOR UNIVERSITY and its BOARD OF TRUSTEES, and STANFORD UNIVERSITY OTL, LLC, | : | |
| Defendants. | : | |
| TEXAS INSTRUMENT, INC., *et al.*, | : | |
| Counterclaimant, | : | |
| v. | : | |
| GLOBESPANVIRATA, INC. and CONEXANT SYSTEMS, INC. | : | |
| Counterclaim Defendants. | : | |

**BROWN, District Judge**

This matter comes before the Court upon Defendants Texas Instruments, Inc., The Leland Stanford Junior University and its Board of Trustees, and Stanford University OTL, LLC's ("Defendants") Motion for Reconsideration of one aspect of this Court's summary judgment ruling of November 10, 2005 concerning the claim limitation "scaled by the desired subcarrier bit-error-rates" of U.S. Patent No. 5,479,447 (the "'447 Patent"). '447 Patent, claim 1. The Court decided the motion based on the parties' submissions and without oral argument pursuant to Federal Rule of

Civil Procedure 78.  For the reasons set forth below, Defendants' motion is denied.

## BACKGROUND AND DISCUSSION

On November 10, 2005, the Court issued its summary judgment ruling addressing, *inter alia*, Defendants' motion for summary judgment of infringement and Plaintiff Globespanvirata, Inc.'s ("Globespan") motion for summary judgment of noninfringement and invalidity.  The Court concluded that: 1) Globespan's ADSL and ADSL2 Products do not literally meet the "scaled by the desired subcarrier bit-error-rates" limitation in the '447 Patent; and  2) that the Tu thesis discloses step (a) of claim 1 of the '447 Patent.  On November 29, 2005, Defendants moved for reconsideration alleging that the Court's ruling is inconsistent.  Globespan opposed the motion on December 8, 2005 and, with the Court's permission, Defendants filed a reply brief on December 15, 2005.

The standard for reconsideration is high and reconsideration is to be granted only sparingly. *United States v. Jones,* 158 F.R.D. 309, 314 (D.N.J. 1994).  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.[1]  L. C IV . R. 7.1(i).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  The Court will grant a motion for reconsideration only where its prior decision has

---

[1] On February 24, 2005, Local Civil Rule 7.1(g), which governed motions for reargument, was repealed.  Now Local Civil Rule 7.1(i) governs motions for reconsideration. Despite the rule's reassignment to a different subsection of Rule 7.1, it remains substantively the same and is decided under the same stringent standard.

overlooked a factual or legal issue that may alter the disposition of the matter. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); *see also* L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) (citation omitted).

Reconsideration is not available for a party seeking merely to reargue matters already addressed by the Court. *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). A motion that merely raises disagreement with the Court's initial decision is not an appropriate reconsideration motion, but should be dealt with in the normal appellate process. *Bowers*, 130 F. Supp. 2d at 612 (citations omitted); *see also Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 163 (D.N.J. 1988). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

In the present case, Defendants have not met this exacting standard. Defendants argue that the Court has "overlooked the fact that under the Court's construction, the Tu thesis does not disclose scaling by the desired bit error rate." This contention is without merit. Defendants' argument is based on a misreading of the Court's ruling. In its summary judgment motion, Defendants presented the Court with a belated request for construction of the claim term "scaled by the desired subcarrier bit-error-rates." (Defs.' Summ. J. Br. at 24-27). Defendants attempted to broaden the scope of the claim by proposing a claim construction that added the limitation "and other parameters" to the definition. The Court rejected this argument, noting: 1) the parties' earlier stipulated claim constructions and 2) the plain language of the claim which did not warrant the inclusion of the additional limitation. (Nov. 10, 2005 Op. at 27-29). Thus, the Court construed the

claim to require that estimates be "scaled by the desired subcarrier bit-error-rates," and did not include the "and other parameters" limitation.

The Court proceeded to analyze whether Defendants adduced sufficient evidence to establish that the accused products met this particular limitation. The Court concluded that they did not. This conclusion was largely based on the undisputed fact that Defendants' own expert, Dr. Tim Williams, admitted that the estimates in Globespan's products are scaled by "target margins." (Op. at 27). Importantly, the Court found that Dr. Williams clearly differentiated between "target margins" and bit error rates. Specifically, Dr. Williams stated in his deposition:

> Q: Desired subcarrier bit error rate on the one hand is different from target margin on the other hand, right?
> A: Yes.

(Williams Dep. of July 18, 2005 at 127:15-18). Indeed, other evidence in the record demonstrated that the accused products involved scaling by a target margin, as opposed to bit error rates. (*See* Williams Decl., Ex. B at 41 ("After the NSR array is stored, each element of the tables is multiplied by a target margin . . . the particular NSR values in the table are 'scaled' by margins which are proxies for the desired bit error rate.")). As such, the Court concluded that Defendants failed to proffer evidence that the estimates in Globespan's ADSL Products were scaled by bit error rates. (Op. at 29) ("Thus, the Court concludes that the accused products do not literally meet the "scaling" limitation in light of the undisputed evidence that scaling in the accused products is done by target or performance margins, and not bit-error-rates."). In the instant motion, Defendants fail to convince the Court that this decision should be altered in light of the evidence that was before it at the time of its original ruling.

Having reaffirmed the Court's claim construction, the Court turns to its ruling concerning

the Tu thesis. Defendants contend that the Court's claim construction cannot support the conclusion that the Tu thesis discloses step (a) of claim 1 of the '447 Patent. The Court disagrees. The parties do not dispute that the Tu thesis discloses that the estimates are scaled by bit error rates. (Defs.' Reconsideration Br. at 4). The fact that other parameters may be included in the scaling process does not alter the fact that the reference discloses the basic claim limitation "scaled by the desired subcarrier bit-error-rates." Consequently, Defendants fail to demonstrate that the Court "overlooked" any fact that warrants a modification of its prior ruling. Therefore, Defendants' motion is denied.

## CONCLUSION

For the reasons stated above, the Court denies Defendants' motion for reconsideration. An appropriate form of Order accompanies this Memorandum Opinion.

Dated: January 3, 2006

                                            s/ Garrett E. Brown, Jr.
                                            GARRETT E. BROWN, JR., U.S.D.J.